WALLACE CLOUTIER
*vs.*
ADRIEN O. ANCTIL, TREASURER OF
THE CITY OF LEWISTON

Androscoggin.   Opinion, August 8, 1959

*Philip Isaacson,* for plaintiff

*William Hathaway,*
*Louis Scoltno & William Hathaway,* for defendants

SITTING: WILLIAMSON, C. J., TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ., WEBBER, J. did not sit.

SIDDALL, J.   Petition for a writ of mandamus to compel the Treasurer of the City of Lewiston to pay to the petitioner a pension granted to him by the Police Commission of Lewiston.

The case was heard by a justice of the Supreme Judicial Court upon an agreed statement of facts. The parties agree that on and before April 17, 1959, the petitioner was a member of the Police Department of the City of Lewiston and had made application for a permanent disability pen-

sion based on the allegation that he became permanently disabled while in the discharge of his duty as a member of such department. On April 17, 1959, at a duly held meeting, the Police Commission of said city investigated and passed upon the application and being satisfied that he had become permanently disabled and that his disability was incurred in the discharge of his duties as a member of the Police Department granted a permanent disability pension to him. The Police Commission notified the respondent Treasurer that it had determined (1) that the petitioner was a member of the Police Department, (2) that he had become permanently disabled as a result of the discharge of his duties, (3) that it had granted to him a disability pension provided for in the Charter of said city, such pension to become effective as of May 15, 1959, and that the weekly pay of the petitioner as of said date was $77.50. The petitioner on May 15th retired from membership in said department. The Board of Finance requested that the Police Commission furnish it with all records pertaining to the disability of the petitioner. This request was refused on the grounds that the Charter did not authorize such action. On May 25th said Board ordered the respondent Treasurer not to make payment to the petitioner. The parties agree that if the petitioner is entitled to receive his pension, he should have been paid such pension beginning May 15, 1959. Demand was made upon the respondent Treasurer for payment and payment was refused. The pension plan in question was noncontributory. An appropriation for pensions was included in the annual budget of said city. The preliminary proceedings were waived, and it was stipulated that in the event that the case is resolved in favor of the petitioner, a peremptory writ of mandamus is to issue.

The justice hearing the case ordered the issuance of a peremptory writ of mandamus commanding the respondent

Treasurer in his said capacity to pay out of the pension funds of said city to the respondent a regular monthly pension computed from the 15th day of May, 1959, in accordance with the grant of the Police Commission. Exceptions of the respondents were duly taken and allowed, the respondents claiming by their exceptions that such order was erroneous as a matter of law.

The issue in this case is whether or not the Board of Finance had the legal right to withhold the pension granted to the petitioner by the Police Commission.

The pertinent provisions of the Charter of the City of Lewiston with which we are concerned are as follows:

> Article XI, Sec. 21. Retirement; permanent disability. Any member of the Lewiston police department who shall have arrived at the age of 65 years in active service, or any member who while in the performance of duty has become permanently disabled, or any police officer of the city who was a member of the police department at the time of the enactment of chapter 37 of the private and special laws of 1917 and who thereafterwards, but prior to the enactment of chapter 8 of private and special laws of 1939, arrived at the age of 65 years, while in active service, shall be retired and shall be entitled to a pension equal to $\frac{1}{2}$ of the pay which such member received at the time of his retirement or permanent disability.
>
> If a member of the Lewiston police department should die, whether he is retired or on active duty, as a result of injury received in the line of duty, his widow, or, if none, his minor child or children shall continue to receive the pension he was receiving at the time of his death. If on active duty, the compensation or pension shall be $\frac{1}{2}$ of the pay the member was receiving at the time of his death. Such pension or compensation will be paid subject to the following conditions:

I.  The widow shall receive such compensation or pension until she dies or as long as she remains a widow.

II.  If no widow survives, a pension or compensation of the same amount shall be paid to the guardian of his child until that child reaches the age of 18 years.  When two or more children under the age of 18 are the survivors, such pension or compensation shall be divided pro rata, and the pro rata share due each child shall be paid to the guardian of that child until the child shall reach the age of 18 years.

Article XI, Sec. 22.  Pensions, application for. When application is made for pension because of permanent disability while in active service, or while on authorized leave, the applicant shall satisfy the commission that he is permanently disabled and that his disability was incurred in the discharge of his duties as a member of the department.

Article XI, Sec. 23.  Granting of pensions.  The commission shall investigate and pass upon all matters pertaining to the pensions of policemen, in accordance with the provisions of this charter, and shall have authority to grant such pensions as provided herein.

Article XI, Sec. 24.  Payment of pensions.  The pensions specified in this charter shall be paid monthly by the city treasurer and no pension shall be allowed unless application therefor shall have been approved by the commission.

Article VIII, Sec. 4.  General supervision over finances.  The board of finance shall have general supervision and full control over the several departments of the city so far as it relates to their financial transactions, records and auditing and to the receiving and disbursement of moneys.

The fundamental rule in construing legislative acts is to ascertain the intention of the legislature and give effect

thereto. In so doing, all parts of the legislative act in question must be taken into consideration. These principles are so well recognized that the citation of authority to support them is unnecessary.

Obviously the Charter was prepared with great care and skill. A careful reading of the entire document satisfies us that it was the intention of the legislature to bestow broad authority upon the Board of Finance. The respondents in their brief cite numerous sections of the Charter to indicate the extensive power given to such Board. Many of these sections specifically provide that the acts of various officials of the city in financial transactions are subject to the approval of the Board. The framers of the Charter exercised extreme care in order to clearly set forth and define the duties and responsibilities of the Board of Finance. The same degree of care was taken in specifying the duties and responsibilities of the Police Commission, particularly in relation to proceedings before it on pension applications. No provision is made for an appeal from the acts of the Police Commission in granting pensions, and we find no provision in any part of the Charter which either directly or indirectly authorizes the Board of Finance to review or override in any way the findings of the Police Commission in granting pensions. The fact that such extreme care was taken in the preparation of the Charter leads us to the conclusion that if the legislature had intended to establish a veto power in the Board of Finance over the acts of the Police Commission, it would have done so by the use of unmistakable language. As fittingly stated by the justice hearing the case, it is significant that the phrase "subject to the approval of the Board of Finance," which appears with great frequency in the Charter in appropriate places where what may be termed financial decisions are involved, is omitted in that part of the Charter relating to police pensions.

The respondents claim that this is a financial transaction over which the Board has general supervision under Article VIII, Sec. 4 of the Charter. We do not consider that the decision of the Police Commission in this case was basically financial in nature. Under the stipulations we must assume that the weekly pay rate of the petitioner while a member of the department had been approved by the Board of Finance as provided by the Charter. The responsibility of the Police Commission was to determine as a fact finding body whether or not the petitioner was eligible for a pension under the terms of the Charter. If he met the necessary requirements he was entitled to a pension. The computation of the amount of such pension then became merely a matter of mathematics, the exact amount to be determined under the formula set forth in the Charter. The Police Commission after hearing found that the petitioner was eligible for a pension, and so notified the respondent Treasurer, together with information as to the amount of petitioner's pay on the effective date of the pension. There is no dispute as to the amount of petitioner's pay on such date. All of the requirements of the Charter having been complied with and the Police Commission having lawfully granted a pension to the petitioner, it became the duty of the defendant Treasurer under the provisions of Article XI of Sec. 24 to pay such pension monthly. The decision of the Police Commission was not subject to review and the Board of Finance had no authority to stop the payment of the pension.

The order of the justice hearing the petition was proper.

Counsel have notified the court that the petitioner died on the 26th day of July, 1959. The order meets the changed condition. The petitioner's estate is entitled to receive the pension granted to the date of petitioner's death. After his death the pension automatically continues and is paid

to the person or persons qualified to receive it under the provisions of Sec. 21 of the Charter.

The entry will be

> *Exceptions overruled.  Peremptory writ to issue as ordered.*